**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| THOMAS REYNOLDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 08-cv-462-GPM |
| | ) | |
| WARDEN HOLLINGSWORTH, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner, an inmate in the United States Penitentiary located in Marion, Illinois (USP-Marion) brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his placement at USP-Marion.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

In February 2001, Petitioner pleaded guilty to engaging in a racketeering conspiracy in violation of 18 U.S.C. § 1962(d) and was sentenced to a prison term of 504 months by the United States District Court for the Eastern District of New York. Petitioner alleges that the Federal Bureau of Prisons (BOP) and the United States Attorney's Office listed him as a "separatee," meaning that

Petitioner cannot be housed at the same facility at the same time as other persons on Petitioner's "separatee list." As a consequence, Petitioner has been assigned to USP-Marion which Petitioner claims is "outside . . . [his] region" and that he is unable to be housed closer to his home in Brooklyn, New York. Petitioner apparently claims that he should not be on the "separatee list" because he has not testified against other inmates or individuals. Petitioner seeks an order from this Court "mandating the BOP to remove any and all seperatees [sic] issues" pertaining to him.

Petitioner's habeas corpus petition should be dismissed. To be eligible for relief pursuant to 28 U.S.C. § 2241, Petitioner must allege that he is being confined in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2241(c)(3). An inmate, however, does not have a constitutional right to be confined at a particular institution. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Ramirez v. Turner*, 991 F.2d 351, 353 (7th Cir. 1993). Furthermore, 28 C.F.R. § 524.72 provides that an inmate may be classified for separation for any number of reasons including, but not limited to, inmate aggressiveness or "inmates from whom there is no identifiable threat, but who are to be separated from others at the request of the Federal Judiciary or U.S. Attorneys." 28 C.F.R. § 524.72(f). Petitioner nowhere alleges facts indicating that putting him on the "separatee list" violates his federal constitutional or statutory rights. Therefore, Petitioner's habeas corpus petition is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

DATED: 09/16/08

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge